IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMAND |
| B. FEHR, LLC d/b/a GOLDEN CORRAL, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on a disability, and to provide appropriate relief to Alicea Cruce ("Cruce"), who was adversely affected by such practices. The U.S. Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that Defendant B. Fehr, LLC d/b/a Golden Corral ("Defendant") discriminated against Cruce when it discharged her because of her disability in violation of the ADA, as amended.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6 ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Georgia, Augusta Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      At all relevant times, Defendant has continuously been a corporation doing business in Columbia County in the state of Georgia, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6.     At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.     More than thirty days prior to the institution of this lawsuit, Cruce filed a Charge of Discrimination with the Commission alleging violations of the ADA by Defendant.

8.     On January 30, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.     On May 15, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10.    All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11.    Since at least May 2015, Defendant has engaged in unlawful employment practices at their Columbia County restaurant location in violation of Section 102 of the ADA, 42 U.S.C. §12112(a).

12.    Defendant employed 15 or more employees for each working day in each of 20 or more calendar weeks during 2016.

13.    Cruce is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Cruce has an impairment, epilepsy, that substantially limits her in the operation of major bodily functions, including, *inter alia*, functions of the neurological system.

14.    Defendant had knowledge of Cruce's epilepsy when it discharged her.

15.    Defendant discriminated against Cruce because of her disability by discharging her.

16.    Defendant discriminated against Cruce when it regarded her as having a disability by discharging her because of an actual or perceived impairment.

17.    In May 2015, Cruce began working for Defendant as a Server at its Golden Corral franchise located at 231 Bobby Jones Expressway, Martinez,

Georgia (the "Restaurant").

18.     Golden Corral is a buffet-style restaurant where the customers serve themselves their own food from a buffet line.

19.     As a Server, Cruce's job duties included clearing dishes and cups from tables, bringing drinks to customers, and advising the kitchen staff when the buffet is out of an item. Servers, including Cruce, are not allowed into the kitchen.

20.     Cruce had seizures while at work in May 2015, November 2015, January 2016, March 2016, and May 2016.

21.     After the March 2016 seizure, Defendant requested a doctor's note prior to Cruce returning to work. Cruce was cleared to return to work by her doctor and provided the requested note from her doctor stating same.

22.     In May 2016, Cruce was told by a co-worker that the restaurant manager said that if Cruce had another seizure at work, she would be discharged.

23.     Shortly thereafter, Cruce had another seizure. The next time she went to the Restaurant after her seizure, which was to check her schedule, the restaurant manager called her into his office and told her she was being discharged because of her seizures.

24.     The restaurant manager had the authority to hire and fire employees on behalf of Defendant.

25.     On the Separation Information Form provided by Defendant to Cruce dated May 18, 2016, Defendant stated that Cruce was being discharged for "[h]ealth related" reasons and that "[Cruce] was either unwilling or unable to manage her seizure condition."

26.     At the time of her discharge, Cruce could perform the essential functions of her job despite her impairment.

27.     At the time of her discharge, Cruce could perform the essential functions of the Server position with or without a reasonable accommodation.

28.     At no time during her employment with Respondent was Cruce a threat to the health or safety of herself or others.

29.     The effect of the practice(s) complained of above has been to deprive Cruce of equal employment opportunities and, otherwise, adversely affect her status as an employee because of her disability.

30.     The unlawful employment practices complained of above were intentional.

31.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Cruce.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with it, from terminating any employee based on an actual or perceived disability and engaging in any other employment practices that discriminate on the basis of disability.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make Cruce whole by providing appropriate back pay with pre-judgment interest, in an amount to be determined at trial, and front pay and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D.     Order Defendant to make Cruce whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in an amount to be determined at trial.

E.     Order Defendant to make Cruce whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, loss of

enjoyment of life, inconvenience, anxiety, stress, and humiliation, in amounts to be determined at trial.

F.     Order Defendant to pay punitive damages to Cruce for Defendant's malicious and/or reckless conduct described above, in an amount to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANTONETTE SEWELL
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Supervisory Trial Attorney

s/James W. Allen

James W. Allen
Trial Attorney
Georgia Bar No. 016075
james.allen@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Savannah Local Office
7391 Hodgson Memorial Drive, Suite 200
Savannah, Georgia 31406-2579
(912) 920-4486      (phone)
(912) 920-4484      (facsimile)